IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK JORDAN,                              : | |
|       Petitioner          : | |
|                                 : | |
|    v.                              : | CIVIL NO. 11-3091 |
|                                 : | |
| B.A. BLEDSOE et al.,                      : | |
|       Respondents.    : | |

## ORDER

The Magistrate Judge has recommended that I dismiss as untimely Mark Jordan's *pro se* Petition for habeas relief. *(Doc. No. 24.)* 28 U.S.C. § 2254. I will overrule Jordan's Objections, and approve and adopt the Magistrate Judge's Report and Recommendation.

I.      BACKGROUND

Jordan pled guilty in Philadelphia Common Pleas Court on June 19, 1995, to nine counts of robbery, nine counts of carrying a firearm on a public street, and one count of theft. As alleged, Jordan entered an Alford Plea based on his understanding that the sentencing judge had agreed to a ten-year term of imprisonment. See North Carolina v. Alford, 400 U.S. 25 (1970). On February 14, 1996, the state court judge imposed a sentence of 19 to 38 years imprisonment, to be served concurrently with Jordan's 26½-year sentence on a related federal conviction. See United States v. Jordan, No. 94-524 (E.D. Pa. Oct. 30, 1995) (judgment).

In November 1996, while Jordan was serving his concurrent sentences in a federal prison, his trial counsel told him that his appeal had been denied, and that "she had done all she could for [him]." *(Doc. No. 25 at 40.)* She did not respond to Jordan's subsequent attempts to contact her. As alleged, over a decade later, Jordan learned that no appeal had been filed.

1

On December 5, 2007, Jordan sought relief under the Post Conviction Relief Act, claiming that: 1) he did not knowingly and voluntarily plead guilty; 2) the Common Pleas Court "reneged on its promised 10-year pre-plea sentence"; and 3) his trial counsel failed to comply with his request to withdraw his plea and file an appeal, and then "abandoned" him. *(Pet. ¶¶ 5, 7.)* Jordan argued to the PCRA Court that his petition was delayed because he was denied access to Pennsylvania law research materials while in federal custody. The PCRA Court rejected this argument, and dismissed Jordan's petition as untimely. The Superior Court affirmed on September 23, 2009. The Pennsylvania Supreme Court denied Jordan's request for *allocatur* on April 14, 2010.

On March 15, 2011, Jordan filed the instant § 2254 Petition in the Middle District of Pennsylvania. Jordan v. Bledsoe, No. 11-521 (M.D. Pa.). Because he had been convicted in Philadelphia Common Pleas Court, the Petition was transferred to this District. *(Doc. No. 1.)* See 28 U.S.C. § 2241(d). Jordan reasserts the arguments rejected by the PCRA Court, adding that: 1) he could not have discovered the basis for his ineffective assistance claim—his trial counsel's failure to file an appeal—until 2007; and 2) shortly after being informed that the "appeal" had been denied, an attorney working for the Pennsylvania Department of Corrections incorrectly advised him that he could not seek collateral relief in state court until he had completed serving his federal sentence. He states that he was able to overcome these "impediments" only after writing to a state court in 2007 and obtaining from the clerk a form PCRA petition and a copy of his state court docket. *(Doc. No. 25 at 9.)*

**II.    LEGAL STANDARDS**

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner may file a federal habeas petition no later than one year after:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

>   A district court generally may not review procedurally defaulted claims:
>
>   In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991).

**III.   DISCUSSION**

Jordan filed his Petition on March 21, 2011. The Commonwealth submitted its Response on January 11, 2012. *(Doc. No. 19.)* Although Jordan mailed his "Traverse" to that Response on February 14th of this year, the Clerk of Court did not receive the Traverse until February 23rd. *(Doc. No. 25.)* The Magistrate Judge issued his Report and Recommendation on February 21st. *(Doc. No. 24.)* Jordan submitted his Objections on March 12th, which he has since supplemented. *(Doc. Nos. 28, 29, 31, 39.)*

   A.   Traverse

Jordan objects that the Magistrate Judge improperly issued the Report and Recommendation before receiving and considering Jordan's Traverse. *(Doc. No. 29.)* He argues

3

that although the Clerk of Court received the Traverse nine days after it was due, it was nonetheless timely filed pursuant to the "Prison Mailbox Rule." Houston v. Lack, 487 U.S. 266, 276 (1988). Because I will consider Jordan's Traverse—which he asks me to consider in lieu of formal Objections—I will reject this Objection. Insofar as Jordan raises additional Objections in his Traverse and subsequent filings, I overrule those as well.

      B.      Report and Recommendation

The judgment in Jordan's state court proceedings became final on March 15, 1996, when the period for filing a direct appeal to the Superior Court expired. Gonzalez v. Thaler, 132 S. Ct. 641, 654 (2012). Because AEDPA took effect on April 24, 1996—about forty days after judgment became final—AEDPA's one-year limitations clock began to run on April 24, 1996. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Jordan filed his § 2254 Petition on March 15, 2011—almost fourteen years after the April 23, 1997 cut-off date by which he was required to seek habeas relief. As I will explain, no exceptions to this limitations period apply. Accordingly, I will accept and adopt the Magistrate Judge's recommendation to dismiss the Petition as untimely.

The Magistrate Judge was unable to address Jordan's arguments as to "procedural default"—a bar to habeas review separate from the timeliness bar—because Jordan raised them for the first time in his Traverse and subsequent filings. I will first explain why Jordan's claims are procedurally defaulted, then why they are time-barred.

      C.      Procedural Default

Although Jordan raised the instant claims in his PCRA petition, he did not do so within the statutory limitations period. 42 Pa. Cons. Stat. § 9545(b)(1). His claims are thus defaulted on "independent and adequate" state procedural grounds, and I may not review them unless Jordan

shows: 1) cause for his default and actual prejudice; or 2) a "fundamental miscarriage of justice." Dretke v. Haley, 541 U.S. 386, 388 (2004); Coleman, 501 U.S. at 750; Peterson v. Brennan, 196 F. App'x 135, 142 (3d Cir. 2006) (PCRA limitations rule is independent and adequate state ground).

*"Independent and Adequate" Grounds*

Jordan contends in a supplemental filing that the state procedural ground for his default—that is, the PCRA limitations period—was not "independent and adequate." *(Doc. No. 39 at 3.)* I disagree. He argues that his PCRA petition was timely because he submitted it within 60 days of "diligently discovering" grounds for relief—his trial counsel's failure to file an appeal. *(Doc. No. 25 at 3; "Unsworn Declaration" ¶ 31.)* 42 Pa. Cons. Stat. § 9545(b)(1)(ii). The Superior Court rejected this argument because "[l]ogically, an appellant who claims that counsel ignored his request . . . that a direct appeal be filed was aware of that fact soon after incarceration." Commonwealth v. Jordan, No. 610 EDA 2009, slip op. at 6 (Pa. Super. Ct. Sept. 23, 2009).

"A state rule provides an independent and adequate basis for precluding federal review of a claim if the 'rule speaks in unmistakable terms[,] all state appellate courts refused to review the petitioner's claims on the merits [, and] the state courts' refusal [was] consistent with other decisions,' that is, the procedural rule was 'consistently and regularly applied.'" Albrecht v. Horn, 485 F.3d 103, 115 (3d Cir. 2007) (quoting Doctor v. Walters, 96 F.3d 675, 683-84 (3d Cir. 1996)). The Superior Court's application of § 9545(b)(1)(ii) satisfies these requirements.

First, § 9545(b)(1)(ii) "unmistakably" requires that a petitioner exercise diligence, and that the facts underlying his claim be "unknown" to him before the limitations period expires. Second, the Pennsylvania Superior and Supreme Courts did not review the merits of Jordan's claims. Finally, the Superior Court's application of § 9545(b)(1)(ii) was consistent with well-

established case law: "[F]or purposes of 42 Pa. C.S. § 9545(b)(1)(ii), information is not 'unknown' to a PCRA petitioner when the information was a matter of public record." Commonwealth v. Taylor, 933 A.2d 1035, 1040 (Pa. Super. Ct. 2007) (quoting Commonwealth v. Chester, 895 A.2d 520, 523 (Pa. 2006)). Any failure to appeal would have been apparent, had Jordan chosen to examine the state court's public docket. Indeed, the ease with which Jordan obtained a copy of the docket in 2007 confirms that with minimal diligence, he could have discovered that no notice of appeal had been filed. *(Doc. No. 25 at 9.)*

Jordan also suggests that the limitations rule was not "independent and adequate" because the PCRA Court refused to hold an evidentiary hearing as to timeliness. *(Doc. No. 39 at 3.)* I disagree. The state court "may decline to hold a hearing if the petitioner's [PCRA] claim is patently frivolous and is without a trace of support in either the record or from other evidence." Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. Ct. 2001). The only evidence supporting Jordan's timeliness argument is his own "Unsworn Declaration." As I explain below, the PCRA Court properly found that his timeliness argument was frivolous. Accordingly, the Court "consistently applied" an "independent and adequate" state procedural rule when it refused to hold an evidentiary hearing.

*"Cause"*

Once again, a petitioner can overcome a procedural default if he shows cause for violating state procedural rules. Jordan argues that he had good cause for defaulting under the PCRA because: 1) the state prison refused to provide him with state law research materials while he was serving his state sentence in federal prison; and 2) the Commonwealth actively misled him as to his cause of action. *(Doc. No. 25 at 7-8.)* I disagree.

6

The PCRA Court rejected Jordan's argument as to research materials, finding that he had sufficient access to Pennsylvania law materials years before he filed his PCRA petition. *(Doc. Nos. 19-2 at 6, 11; 19-3 at 7.)* 42 Pa. Cons. Stat. § 9545(b)(1)(i); Commonwealth v. Jordan, No. CP-51-CR-1101251-1994 (Phila. Ct. Com. Pl. June 23, 2009); see also Jordan, slip op. at 6 (Pa. Super. Ct. Sept. 23, 2009) (affirming PCRA Court's factual finding). The Court based its finding on a Bureau of Prisons affidavit describing a loan program between Jordan's prison library and two university law libraries by which Jordan had access to state law materials upon request. *(Doc. No. 19-4 at 7-9.)* See Corgain v. Miller, 708 F.2d 1241, 1250 (7th Cir. 1983) (federal prison not required to provide state law library if prisoners do not accept "adequate alternative services"); Benjamin v. Potter, 635 F. Supp. 243, 245 (D.V.I. 1986) (federal prison without state law research materials may provide access to the courts "in a number of ways"). The PCRA Court found that this evidence outweighed the bare allegations in Jordan's "Unsworn Declaration."

Jordan asks me to reject the PCRA Court's factual finding as erroneous. I am obligated, however, to presume that the finding is correct unless Jordan rebuts it with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Washington v. Sobina, 509 F.3d 613, 621 (3d Cir. 2007) (district court must defer to state court's factual findings as to procedural matters). He has failed to do so.

Jordan has supplied documentation of his failed attempts to obtain Pennsylvania law materials at his *current* BOP facility. *(Doc. No. 25 at 47-49.)* These documents are inapposite because they do not relate to Jordan's period of incarceration *before* he filed his PCRA petition. In his own "Declaration," he states that university law library employees have told him that the prison library loan program was not adequate to supply the research materials he required. *(Id. at*

7

*44.)* Jordan has no documentation to confirm that these conversations actually took place, that he even requested any materials from the law libraries, or that the libraries were unable to provide him with the legal materials he requested. In these circumstances, Jordan has not rebutted the state court's finding of adequate research facilities with clear and convincing evidence. Moreover, Jordan's contention that the unavailability of law materials made it impossible for him timely to seek PCRA relief is belied by the ease with which he discovered how to file a PCRA petition in 2007: Jordan simply mailed a letter to the state court, and received a form PCRA petition. *(Id. at 9.)* Yet, Jordan alleges that he did not (and, because of the "inadequate" university law library support, could not) take this simple step until 2007, even though his trial counsel told him *in 1996* that his appeal had been denied, and subsequently "abandoned" him. *(Id. at 2; Pet. ¶ 5.)*

In sum, Jordan has failed to rebut the PCRA Court's factual findings, to which I must defer. 28 U.S.C. § 2254(e)(1).

Jordan also argues his default is excused by "cause" because a Commonwealth official "actively misled" him. The PCRA Court did not address this contention, which I conclude is meritless. Jordan alleges that after learning his appeal had been denied, he sought legal advice from a person "who identified herself as an attorney for the [Pennsylvania Department of Corrections]." *(Doc. No. 25 at 7.)* The DOC attorney advised him that he could seek PCRA relief—and thus exhaust state court remedies—only after serving his federal sentence and being transferred to state custody. *(Id. at 8.)*

"The 'cause' required to excuse a procedural default must result from circumstances that are 'external to the petitioner, something that cannot fairly be attributed to him[.]'" Lines v. Larkins, 208 F.3d 153, 166 (3d Cir 2000) (quoting Coleman, 501 U.S. at 753). To show "cause,"

8

a petitioner must show that he pursued his claims diligently. Crank v. Duckworth, 969 F.2d 363, 366 (7th Cir. 1992). Remarkably, although Jordan's relationship with the Commonwealth was adversarial, he alleges that he "reasonably" sought legal advice from a lawyer for that adversary, and relied on that advice without making any effort to confirm its accuracy. As I have discussed, Jordan could have assessed this advice using Pennsylvania law research materials, and also could have requested assistance from the state court, as he did in 2007. Had Jordan done either, he readily would have discovered that the DOC official's purported statement was incorrect. See Shaw v. Murphy, 532 U.S. 223, 231 n.3 (2001) (prisoners have no "freestanding right to receive legal advice"); Thompson v. Weber, No. 10-1017, 2010 WL 3843032, at *1-*2 (D.S.D. Sept. 27, 2010) (petitioner with adequate access to law library not denied right of access to the courts or right to counsel when DOC contract attorney provided incorrect legal advice).

Because Jordan's purported decision to obtain legal advice from an adversary and his failure to verify this advice can "fairly be attributed to him," Jordan has not established cause for his procedural default, and has not made out (or even alleged) a "fundamental miscarriage of justice." See Schlup v. Delo, 513 U.S. 298, 327 (1995). Accordingly, I will not consider his federal habeas claims. Haley, 541 U.S. at 388; Coleman, 501 U.S. at 750.

D. Tolling and Estoppel

Once again, the instant Petition is untimely because Jordan sought federal habeas relief almost fourteen years after the AEDPA limitations period expired on April 23, 1997. Jordan argues in his Traverse that the limitations clock should be tolled equitably and under AEDPA's tolling provision respecting state-imposed impediments to filing that violate federal law. *(Id. at 6, 12.)* 28 U.S.C. § 2244(d)(1)(B). He also argues that the Commonwealth is estopped from asserting a limitations defense because the DOC attorney misled him. *(Id. at 18.)*

9

As I have discussed, Jordan faced no "impediment" to filing a timely PCRA petition. His failure to do so—resulting in his procedural default barring federal habeas review—and his failure timely to file a federal habeas petition were caused by his own lack of diligence, not any unlawful state action. Murphy, 532 U.S. at 231 n.3; Corgain, 708 F.2d at 1250; Taylor, 933 A.2d at 1040. Jordan's argument respecting equitable tolling fails for the same reason. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (equitable tolling requires "diligence" and "extraordinary circumstances").

I also reject Jordan's estoppel argument. As I have discussed, his reliance on the DOC attorney's alleged advice was not "reasonable." DiPeppe v. Quarantillo, 337 F.3d 326, 335 (3d Cir. 2004) (estoppel requires "reasonable" reliance on misrepresentation).

  E. Impoundment and Advice of Counsel

Jordan argues in his Traverse that the limitations period was tolled because: 1) The federal prison impounded his legal papers from July 10, 2010, to the present; 2) his court-appointed PCRA counsel failed to tell him in 2008 that he had one year from discovering the basis of his ineffective assistance claim to seek § 2254 relief; and 3) his PCRA counsel incorrectly informed him in 2010 that he had one year from the date his PCRA petition was dismissed to seek § 2254 relief. *(Id. at 5, 16; Doc. No. 31 at 2, 4-6.)* Each of these events allegedly occurred well after the April 23, 1997 expiration of the AEDPA limitations period and the February 13, 1997 expiration of the PCRA limitations period. 42 Pa. Cons. Stat. § 9545(b)(1); Jordan, slip op. at 5 (Phila. Ct. Com. Pl. June 23, 2009). Accordingly, they have no bearing on procedural default or tolling.

F.     Supplemental Authority

In a supplemental filing, Jordan asks me to consider Maples v. Thomas, in which the Supreme Court held that a death row prisoner had shown "cause" to excuse his failure to file a timely appeal when, due to an extraordinary series of events, his *pro bono* counsel abandoned him without his knowledge before the filing period expired. *(Doc. No. 28.)* 132 S. Ct. 912, 927 (2012). Maples affords Jordan no basis for relief. Jordan knew that his trial counsel would no longer represent him when she told him that his "appeal" had been denied and that "she had done all she could for [him]." *(Doc. No. 25 at 40.)*

In yet another supplemental filing *(Doc. No. 31)*, Jordan asks me to consider Martinez v. Ryan, in which the Supreme Court held as follows:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984).

132 S. Ct. 1309, 1318 (2012); see also Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002) (petitioner must wait until collateral proceedings to raise ineffective-assistance claim).

Martinez is inapposite. First, the state court appointed counsel for Jordan. Jordan, slip op. at 1 (Phila. Ct. Com. Pl. June 23, 2009). Moreover, Jordan cannot make out ineffective assistance of PCRA counsel because there was no prejudice. Strickland, 466 U.S. at 692. By the time his PCRA counsel purportedly failed to tell Jordan in 2008 that he had one year to seek § 2254 relief, and told Jordan in 2010 that he could seek federal habeas relief no later than one year after his PCRA petition was dismissed, Jordan's § 2254 claim was already time-barred; any such

11

claim for relief was due no later than April 23, 1997. *(Doc. Nos. 25 at 40; 39 at 13.)* 28 U.S.C. § 2244(d)(1)(A); Pa. R.A.P. 1113(a); Burns, 134 F.3d at 111.

Finally, Jordan incorrectly contends his PCRA counsel was ineffective in failing to argue that the PCRA's "diligence" exception tolled the running of the limitations clock. *(Doc. No. 39 at 1-2.)* 42 Pa. Cons. Stat. § 9545(b)(1)(ii). Any failure by Jordan's PCRA counsel to raise this argument did not result in prejudice because, as I have discussed, the Superior Court considered this argument and rejected it. Strickland, 466 U.S. at 692; Jordan, slip op. at 6 (Pa. Super. Ct. Sept. 23, 2009).

### G.  Procedural History

Jordan contends in his Traverse that the Commonwealth has made "several potentially material misrepresentations in its description of the procedural history of this case." *(Doc. No. 25 at 1.)* He fails, however, to explain how these "misrepresentations" are material. In any event, I have relied on the case record, not the Commonwealth's summary of it. Accordingly, I will overrule this objection.

### IV.  CONCLUSION

For the foregoing reasons, I will overrule the "Objections" Jordan has included in his Traverse and subsequent filings. Accordingly, I will approve and adopt the Magistrate Judge's Report and Recommendation, and dismiss Jordan's Petition. Because Jordan has not made "a substantial showing of the denial of a constitutional right," I will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

**AND NOW,** this 27th day of July, 2012, upon review of the Magistrate Judge's Report and Recommendation, it is hereby **ORDERED** as follows:

1. The Report and Recommendation *(Doc. No. 24)* is **APPROVED** and **ADOPTED** as supplemented above; and

2. Mark Jordan's Petition for Writ of Habeas Corpus is **DISMISSED.**

3. A certificate of appealability shall not issue.

                                                **IT IS SO ORDERED.**

                                                */s/ Paul S. Diamond*
                                                _____
                                                **Paul S. Diamond, J.**